# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **K.E., a Minor by his Parent and** | : | |
| **Natural Guardian, Nichole El-Massri,** | : | |
| **and Nichole El-Massri, Individually** | : | |
| | : | **Civil Action No.:** _____ |
| **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **SMITHKLINE BEECHAM** | : | |
| **CORPORATION d/b/a** | : | |
| **GLAXOSMITHKLINE and** | : | |
| **GLAXOSMITHKLINE LLC** | : | |
| | : | |
| **Defendant.** | : | |

## NOTICE OF REMOVAL

Defendant GlaxoSmithKline LLC, formerly SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK LLC"), named defendant in the above-captioned matter, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this case from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, respectfully showing as follows:

1.

On or about July 25, 2014, Plaintiffs Nichole El-Massri and K.E. filed a Civil Action Short-Form Complaint ("Short-Form Complaint") in the consolidated Paxil Pregnancy litigation before the Honorable Arnold L. New in the Philadelphia Court of Common Pleas Mass Tort

Program, In re Paxil Pregnancy Cases, February Term 2007, No. 3220 ("Paxil Pregnancy MTP").[1]

2.

The Short-Form Complaint initiated the civil action styled K.E., a Minor by his Parent and Natural Guardian, Nichole El-Massri and Nichole El-Massri, Individually v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline and GlaxoSmithKline LLC, July Term 2014, No. 003062.

3.

GSK LLC was served with Plaintiffs' Short-Form Complaint on July 28, 2014.

4.

Accordingly, this Notice is timely as it was filed within thirty (30) days after first receipt of the Short-Form Complaint that initiated Plaintiffs' lawsuit against GSK LLC. See 28 U.S.C. § 1446(b)(1).

5.

The Short-Form Complaint asserts claims predicated on Nichole El-Massri's alleged use of Paxil[®], paroxetine hydrochloride ("Paxil"), a prescription medication that was manufactured by GSK LLC and approved by the United States Food and Drug Administration ("FDA").

6.

As shown below, this Court has original subject matter jurisdiction over this civil action

---

[1] Pursuant to Case Management Order No. 1 in the Paxil Pregnancy MTP, all newly filed cases in the Philadelphia Court of Common Pleas are initiated by the filing of a Writ of Summons or a Short-Form Complaint. Short-Form Complaints filed in the Paxil Pregnancy MTP incorporate by reference the Plaintiff's General Master Long-Form Complaint ("Long-Form Complaint"), filed on March 7, 2007. (See Long-Form Complaint, ¶ 1 (attached as Exhibit A).)

pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court under 28 U.S.C. §1441 because there is complete diversity of citizenship between Plaintiffs and GSK LLC and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.

By filing this Notice of Removal, GSK LLC does not waive any jurisdictional or other defenses that might be available to it.

8.

Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served on GSK LLC are attached hereto as "Exhibit B", which is incorporated herein by reference.

## DIVERSITY OF CITIZENSHIP

9.

On October 27, 2009, SmithKline Beecham Corporation converted into GSK LLC.

10.

GSK LLC is a limited liability company.   The sole member of GSK LLC is GlaxoSmithKline Holdings (Americas) Inc. ("GSK Holdings"), a corporation.

11.

For purposes of diversity jurisdiction, determining the citizenship of GSK LLC is a two-step process. First, under the Third Circuit's ruling in Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010), the citizenship of a limited liability company, such as GSK LLC, is determined by looking to the citizenship of the limited liability company's members -- in this case, GSK Holdings, a corporation.   Second, under the Supreme Court's ruling in Hertz

Corp. v. Friend, 130 S. Ct. 1181, 1185-86 (2011), a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business, as determined by the "nerve center" test.

### 12.

Applying this two-step analysis, the Third Circuit held that GSK LLC is solely a citizen of Delaware. See Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 356-57, 360 (3d Cir. 2013). First, under Zambelli, "GSK LLC's citizenship is defined solely by the citizenship of its sole member, GSK Holdings." Id. at 352. Second, under Hertz, GSK Holdings is solely a citizen of Delaware. See id. at 353-56. Because Delaware is both GSK Holdings' state of incorporation and the location of its nerve center, GSK Holdings is solely a citizen of Delaware. Id. at 355-56. Therefore, GSK LLC also is solely a Delaware citizen. Id.

### 13.

At the time this action was commenced, Plaintiffs were residents and citizens of the State of Connecticut. (Short-Form Complaint ¶ 2.)

### 14.

Therefore, complete diversity of citizenship exists between Plaintiffs and GSK LLC.

**RESIDENT-DEFENDANT RULE**

### 15.

Removal of this action is not barred by the resident-defendant rule set forth in 28 U.S.C. § 1441(b) because GSK LLC is not a citizen of Pennsylvania (the state in which this action was brought), but rather is a citizen of Delaware. See Johnson, 724 F.3d at 356-57, 360.

## AMOUNT-IN-CONTROVERSY

16.

Plaintiffs assert claims against GSK LLC under the following sixteen theories: (1) breach of express warranty; (2) breach of implied warranty; (3) fraud; (4) intentional infliction of emotional distress; (5) loss of consortium; (6) negligence; (7) negligence per se; (8) negligent pharmacovigilance; (9) failure to warn; (10) negligent misrepresentation; (11) punitive damages; (12) strict products liability; (13) violation of state consumer protection act; (14) loss of income; (15) medical expenses; and (16) design defect.  Each cause of action seeks damages for injuries allegedly caused by ingestion of Paxil.  (Short-Form Complaint ¶ 6-7.)

17.

The Short-Form Complaint alleges that Nichole El-Massri took Paxil while she was pregnant with K.E.  (See id. at ¶ 3.)

18.

Plaintiffs allege that Nichole El-Massri's ingestion of Paxil caused K.E. to develop alleged congenital heart defects, including idiopathic hypertrophic subaortic stenosis and bicuspid aortic valve with aortic valve insufficiency.  (See id. at ¶ 5.)

19.

Plaintiffs allege that as a direct and proximate result of Nichole El-Massri's ingestion of Paxil, K.E. suffered physical injury and sustained economic damages, including medical expenses, loss of earnings and earning capacity, loss of enjoyment of life, and shortened life expectancy.  (See Long-Form Complaint, ¶¶ 103-05, 110).

20.

Plaintiffs allege that K.E. sustained physical pain and mental anguish as a result of his congenital defects and the surgeries and procedures he underwent after his birth in an attempt to treat the defects.  (See Long-Form Complaint, ¶ 106.)

21.

Plaintiffs further allege that K.E. has and continues to suffer economic damage in the form of pain and suffering, mental anguish, embarrassment and humiliation, disfigurement, and permanent and ongoing psychological damage.  (See id. at ¶¶ 103-05, 107-09.)  According to the Third Circuit Court of Appeals, "in personal injuries litigation the intangible factor of 'pain, suffering, and inconvenience' constitutes the largest single item of recovery, exceeding by far the out-of-pocket 'specials' of medical expenses and loss of wages."  Nelson v. Keefer, 451 F.2d 289, 294 (3d Cir. 1971), quoted in Ciancaglione v. Sutherlin, No. Civ.A.04-CV-2249, 2004 WL 2040342, *3 (E.D. Pa. Sept. 13, 2004).

22.

Plaintiffs allege that GSK LLC's actions were "performed willfully, intentionally, and with reckless disregard for the rights of Plaintiffs and the public" such that they are entitled to punitive or exemplary damages.  (See Long Form Complaint, ¶¶ 114-15; see also Short-Form Complaint, ¶ 7.)

23.

Plaintiffs selected "More than $50,000" as the amount-in-controversy on the Civil Cover Sheet filed with the Short-Form Complaint.  Where a complaint does not limit its request to a precise monetary amount, the district court makes "an independent appraisal of the value of the claim."  Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993).  In such a case, the party seeking removal need only demonstrate by a preponderance of the evidence that the amount-in-

6

controversy exceeds $75,000.00.  <u>Frederico v. Home Depot</u>, 507 F.3d 188, 194-96 (3d Cir.

2007).  The amount-in-controversy may be evidenced by demonstrating that the claims, as

asserted in the plaintiff's complaint, are likely above the jurisdictional minimum.  <u>See id</u>. at 197;

<u>see also</u> § 1446(c)(2).

24.

Claims similar to those asserted by Plaintiffs have been held to establish, on their face,

that the amount-in-controversy exceeds the jurisdictional requirement.  <u>See, e.g.</u>, <u>Masterson v.</u>

<u>Apotex Corp.</u>, 07-61665-CIV, 2008 WL 2047979, *3 (S.D. Fla. May 13, 2008) (in case alleging

birth defects caused by generic paroxetine, court concluded that sufficient evidence existed that

the amount-in-controversy exceeded $75,000 based upon allegations in complaint of congenital

birth defects and "pain and suffering, mental anguish, embarrassment, humiliation,

disfigurement, loss of enjoyment of the pleasure of life, as well as past and future general and

specific damages, including future medical care" arising from the birth defects); <u>Phillips v.</u>

<u>Severn Trent Envtl. Servs., Inc.</u>, No. 07-3889, 2007 WL 2757131, *2 (E.D. La. Sept. 19, 2007)

(amount-in-controversy requirement of $5 million, per CAFA, met in class action based upon

size of class and "categories of serious damages", including birth defects, mental anguish, and

present and future medical expenses); <u>see also</u> <u>Varzally v. Sears, Roebuck & Co.</u>, 09-CV-6137,

2010 WL 3212482, *2 (E.D. Pa. July 30, 2010) (allegations in product liability complaint met

amount-in-controversy requirement because a "reasonable reading of plaintiff's claims suggests

that he could recover in excess of $75,000 for damages sustained as a result of ongoing 'medical

problems'").

25.

In other cases involving allegations of congenital defects, juries in Pennsylvania and

7

other jurisdictions nationwide have awarded plaintiffs in excess of $75,000 in damages. <u>See</u>,

<u>e.g.</u>, <u>Anderson v. Janssen Pharmaceuticals, Inc. et al</u>, No. 111201405, 2014 WL 2032753 (Pa.

Com. Pl., 1st Judicial Dist., Philadelphia Co. Mar. 3, 2014) (awarding $3 million in damages to

compensate plaintiffs for child born with cleft palate due to use of defendant's prescription

medication to treat migraines during pregnancy); <u>White v. Behlke</u>, No. 03 CV 2663 (Pa. Com.

Pl., 45th Judicial Dist., Lackawanna Co. Nov. 17, 2008) (awarding $20.5 million in damages for

birth defects caused by defendant doctor's malpractice); <u>see also</u> <u>Estrada v. Univ. of South Fla.</u>

<u>Board of Trustees</u>, No. 06-CA-000625 (Fla. Cir., Hillsborough Co. July 23, 2007) (awarding

$23.55 million in damages as a result of a doctor's malpractice that resulted in plaintiff's child

being born with birth defects); <u>Lindstrom v. Han</u>, No. 1994-L-013821 (Ill. Cir., Cook Cnty. Mar.

20, 2000) (awarding $4,502,312 verdict for doctor's negligent treatment of plaintiff during the

first trimester of pregnancy, which caused child to be born with a birth defect); <u>Tobin v. Astra</u>

<u>Pharmaceutical, Inc.</u>, No. 88-0350-L(CS) (D. Ky. Mar. 8, 1991) (awarding $4,508,399 to

compensate plaintiff for congestive heart failure and heart transplant allegedly caused by use of

defendant's prescription medication during pregnancy).

26.

Given the nature and extent of Plaintiffs' injuries and damages as alleged in the Short-

Form Complaint, the amount-in-controversy exceeds $75,000.00, exclusive of interests and

costs. <u>See</u> <u>Angus</u>, 989 F.2d at 146 ("[T]he amount in controversy is not measured by the low

end of an open-ended claim, but rather by a reasonable reading of the value of the rights being

litigated."); <u>State Farm Mut., Auto. Ins. Co. v. Tz'doko V'CHESED of Klausenberg</u>, 543 F.

Supp. 2d 424, 432 n.5 (E.D. Pa. 2008) (same).

8

**THE REQUIREMENTS OF §§ 1332, 1441, AND 1446 HAVE BEEN MET**

27.

This Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332, and removal of this action to this Court is not barred by the resident-defendant rule set forth in 28 U.S.C. § 1441(b) because GSK LLC is not a citizen of Pennsylvania. See Johnson, 724 F.3d 337, 356-57, 360. Removal is both timely and appropriate under § 1446(b).

28.

The United States District Court for the Eastern District of Pennsylvania is the federal judicial district encompassing the Court of Common Pleas of Philadelphia County, Pennsylvania, where Plaintiffs originally filed this suit such that this is the proper federal district for removal of this case to federal court. See 28 U.S.C. § 1441(a).

29.

Accordingly, the present lawsuit may be removed from the Court of Common Pleas of Philadelphia County, Pennsylvania, and brought before the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C.§§ 1332, 1441, and 1446.

30.

Pursuant to 28 U.S.C. § 1446(d), GSK will promptly file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, and will serve a copy of same upon counsel for Plaintiffs.

31.

GSK LLC reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, GSK LLC prays that this Notice of Removal be filed; that said action bearing docket number July Term 2014, No. 003062, from the Court of Common Pleas of

Philadelphia County, Pennsylvania, be removed to and proceed in this Court; and that no further proceedings be had in said case in the Court of Common Pleas of Philadelphia County, Pennsylvania.

This 19th day of August, 2014.

Respectfully submitted,

LAVIN O'NEIL CEDRONE & DISIPIO

By: /s/ _____
    Joseph E. O'Neil, Esquire (ID No. 29053)
    Carolyn L. McCormack, Esquire (ID No. 87800)
    Suite 500
    190 North Independence Mall West
    6th & Race Street
    Philadelphia, PA  19106
    (215) 627-0303
    (215) 627-2551 (facsimile)

    Attorneys for Defendant GlaxoSmithKline LLC, formerly SmithKline Beecham Corporation d/b/a GlaxoSmithKline